57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rene Samaniego MORALES, Plaintiff - Appellant,
v.
Robert M. MAYER, et al., Defendants - Appellees.
 No. 93-17152.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided May 25, 1995.
 
 Before: BRUNETTI, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff-Appellant Rene Samaniego Morales ("Morales") appeals the district court's grant of summary judgment to defendants in his civil rights action pursuant to 42 U.S.C. Sec. 1983. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 In his complaint, Morales alleged that three law enforcement officers employed by the City of Tucson, Arizona and two law enforcement officers employed by Pima County, Arizona illegally searched his vehicle incident to his lawful arrest, illegally seized heroin and marijuana from the passenger compartment and trunk of his car, and conspired to avoid judicial scrutiny by altering their police reports. He sought compensatory and punitive damages, alleging that, because of the defendants' unlawful conduct, he was required to pay $6,000.00 in attorney's fees and was subsequently incarcerated.
 
 
 4
 The district court granted defendants summary judgment on September 30, 1993, but did not articulate the basis for its decision. We review the district court's grant of summary judgment de novo to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir. 1994). We may affirm the district court on any basis fairly supported by the record. A & A Concrete v. White Mountain Apache Tribe, 781 F.2d 1411, 1415 (9th Cir. 1986).
 
 FACTS
 
 5
 Morales was lawfully arrested by the defendants on an outstanding warrant on December 5, 1989. The arrest occurred in a parking lot in Tucson, Arizona. Morales had been driving a car owned by his sister. Shortly before the arrest, Morales parked the car and walked several feet away to converse with a friend. He left the windows of the car down, the doors unlocked, and the keys in the ignition. Morales was arrested approximately fifteen minutes later as he stood in the parking lot. He was handcuffed and placed in a patrol car.
 
 
 6
 At his deposition, Morales described his arrest and the search of the vehicle as follows:
 
 
 7
 .. So he said, "Yeah you are Rene Morales. You are under arrest."
 
 
 8
 So he got me, he handcuffed me, put me in one of the cop cars, and they -- you know, he came to the car, locked the windows, pull the key out, and the went back and told me, "What do you want me to do with the car?"
 
 
 9
 I told him give the keys to the officer and have him, you know, put it in my property, and I will call my sister to come pick up the car.
 
 
 10
 At that time, there was Roeder, Susan Roeder, it was a lady uniform officer, tells him, "Throw me them keys."
 
 
 11
 So he went over, tossed them the keys, went right straight into the trunk, opened the trunk, and that's were they found that. Then they got the keys and went and found the syringes inside the car, but that was after they found the marijuana in the trunk.
 
 
 12
 CR 57, at 2.
 
 DISCUSSION
 
 13
 A. The Search of Morales' Vehicle and the Seizure of the Heroin and Marijuana
 
 
 14
 In their motions for summary judgment, defendants argued, among other things, that they were entitled to qualified immunity from liability for any unlawful search of the car Morales was driving. Public employees are entitled to qualified immunity when they engage in a course of conduct that a reasonable official would have believed lawful. Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). In Act-Up!/Portland v. Bagley, we adopted a two-tiered analysis for determining whether a public official is entitled to qualified immunity: (1) Was the law governing the official's conduct clearly established? and (2) Under the law, could a reasonable officer have believed the conduct was lawful? 988 F.2d 868, 871 (9th Cir. 1993). The relevant question, therefore, is whether a reasonable officer, in light of clearly established law and given the information the searching officers possessed, could have believed that the warrantless search of the car was lawful. See Anderson, 483 U.S. at 641.
 
 
 15
 Under this analysis, the defendants are entitled to qualified immunity. Specifically, a reasonable officer, presented with the situation in this case, could have believed that he or she was lawfully entitled to conduct an inventory search of the vehicle.
 
 
 16
 Law enforcement officers may conduct inventory searches of automobiles lawfully in police custody. Colorado v. Bertine, 479 U.S. 367, 371-72 (1987). An inventory search is permissible when the property in question is in the legitimate custody of the government and the inventory is conducted pursuant to standardized government procedures. Id. at 372-73; United States v. Jenkins, 876 F.2d 1085, 1088-89 (2d Cir. 1989).
 
 
 17
 In this case, the officers could have reasonably believed that they had legitimate custody of the property to be inventoried as a result of a lawful arrest. Jenkins, 876 F.2d at 1089. Moreover, as the defendants indicated in response to Morales' interrogatories, their standardized procedures authorized inventory searches to be conducted at the place of arrest. Thus, the officers were reasonable in concluding that searching the car would not violate any clearly established law. Defendants therefore are entitled to qualified immunity.
 
 
 18
 B. Morales' Claim that the Defendants Conspired to Alter their Incident Reports to Justify the Search of the Vehicle
 
 
 19
 Morales argues that defendants were not entitled to summary judgment on his claim that they conspired to alter their incident reports to justify their unlawful search of the car because they failed to move for summary judgment on that claim. Morales is incorrect. Defendants moved for summary judgment on the entirety of Morales' complaint. Morales, however, failed to raise sufficient evidence to create a genuine issue for trial on his conspiracy allegations. Mere conclusory allegations of a conspiracy, without more, are insufficient to support a Sec. 1983 claim or withstand summary judgment. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1984). Defendants therefore were entitled to summary judgment.
 
 CONCLUSION
 
 20
 The district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3